# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICHARD KOBELT, *on behalf of himself and others similarly situated,* | CIVIL ACTION NO. |
| Plaintiffs, | |
| v. | **JURY DEMAND** |
| JBRE GA LLC d/b/a JUST BRAKES and ERIK PASSARO, | |
| Defendants. | |

## COMPLAINT

Named Plaintiff Richard Kobelt ("Named Plaintiff"), by and through undersigned counsel, brings this action on behalf of himself and others similarly situated against Defendants JBRE GA LLC d/b/a Just Brakes ("Just Brakes") and Erik Passaro ("Defendant Passaro"), and states and alleges as follows:

### NATURE OF THE ACTION

1. This is a collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"), alleging that Defendants failed to pay Named Plaintiff and others similarly situated for all hours worked in excess of 40 per week at the required overtime premium rate.

1

## JURISDICTION AND VENUE

2.   This Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(B) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4.   Defendant Just Brakes is a foreign, limited liability company with its principle place of business located at 8150 North Central Expressway, Suite 1000, Dallas, Texas 75206.

5.   Just Brakes may be served with process by delivering a copy of the complaint and summons to its registered agent, CT Corporation System, located at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

6.   Defendant Passaro is the District Manager for Just Brakes Service Centers in the greater Atlanta area.

7.   Defendant Passaro may be served wherever he may be found.

8.   Named Plaintiff worked for Defendants as a technician within the three years preceding the filing of this action.

9. Named Plaintiff has consented in writing to join this action pursuant to 29 U.S.C. § 216(b). (*See* Exhibit 1.)

10. Other similarly situated individuals are interested in joining this lawsuit.

11. For example, several other individuals have filed consent forms to join this lawsuit. (*See* Exhibit 2.)

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

12. At all relevant times, Defendants employed Plaintiffs who engaged in interstate commerce or the production of goods for interstate commerce.

13. Defendants qualify as "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

14. Plaintiffs are "employees" within the meaning of the FLSA 29 U.S.C. § 203(e).

15. Defendant Just Brakes operates hundreds of stores throughout the United States.

16. Just Brakes provides automotive aftermarket services such as rotor and drum resurfacing, wheel cylinder replacements, ABS diagnosis and repair, oil changes and tire repairs.

17. Just Brakes operates a Just Brakes service center in Cumberland, Georgia, located at 2653 Cobb Pkwy., S.E., Atlanta, Georgia 30339 (the "Cumberland Service Center").

18. Just Brakes employed Named Plaintiff at the Cumberland Service Center.

19. During his employment at the Cumberland Service Center, Named Plaintiff worked on goods or materials that have been moved in or produced for commerce.

20. For example, Named Plaintiff used Just Brakes' computer systems, processed credit card transactions, used tools and sold brake pads.

21. Just Brakes is an enterprise whose annual gross volume of sales or business done is at least $500,000.

22. At all relevant times, Just Brakes has had one or more employees who handle goods that have traveled in interstate commerce within the meaning of the FLSA.

23. For example, at all relevant times, Just Brakes has employed individuals who regularly use computers, credit-card readers, tools and other devices manufactured outside the state of Georgia in performing their job duties.

24. Just Breaks qualifies as an "employer" within the meaning of the FLSA 29 U.S.C. § 203(d).

25. Defendant Passaro is the District Manager of Just Brakes for the greater Atlanta area, including the Cumberland Service Center.

26. Defendant Passaro exercises operational control over several Just Brakes locations, including the Cumberland Service Center.

27. Defendant Passaro determined the compensation practices applicable to Plaintiffs.

28. Defendant Passaro had the authority to make changes to the compensation practices applicable to Plaintiffs.

29. Defendant Passaro had the authority to hire and fire employees of Just Brakes, including Plaintiffs.

30. Defendant Passaro qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

31. Defendants Just Brakes and Erik Passaro are joint employers within the meaning of the FLSA.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS**

32. Defendant Just Brakes operates Just Brakes Service Centers throughout the greater Atlanta Area.

33. Defendant Passaro is the District Manager for the Just Brakes Service Centers in the Greater Atlanta Area.

34. Plaintiffs are individuals who are, or have been, employed by Defendants as technicians in the greater Atlanta area within the last three years ("Technicians").

35. Technicians inspect automobiles, perform diagnostic testing on automobiles, and repair automobiles, among other things.

36. Technicians typically work 65-70 hours a week at various Just Brakes service centers throughout the greater Atlanta area.

37. As compensation for their hours worked, Defendants pay Technicians at an hourly rate.

38. Defendants also pay Technicians non-discretionary bonuses.

39. The amount of the non-discretionary bonuses Defendants pay to Technicians is calculated based on a percentage of the sales made by Just Brakes.

40. Defendants require Technicians to log in at the beginning of each scheduled shift and to log out at the end of each scheduled shift.

41. However, Defendants do not pay Technicians for all hours worked in excess of 40 per week at 1.5 times their regular rate of pay.

42. For example, on one occasion, Named Plaintiff had a total of 136 hours worked in a two-week period.

43. However, Defendants only paid Named Plaintiff for 79 hours.

44. Defendants fail to record all hours worked by Technicians.

45. For example, Defendant Passaro instructed Technicians at the Cumberland Service Center (including Named Plaintiff) to work off the clock once they had worked 40 hours in a given week.

46. Technicians would then be required to work the remainder of the week off the clock.

47. Technicians were not paid for hours worked off the clock.

48. By way of further example, Named Plaintiff typically took a 30-minute lunch break.

49. However, Defendant Passaro would charge Named Plaintiff with taking a one-hour lunch break.

50. Defendants failed to maintain accurate records of the hours worked by Technicians, including Named Plaintiff.

51. Defendants' failure to record all hours worked by Technicians is a violation of the recordkeeping provision of the FLSA.

52. Defendants failed to pay Technicians for all hours worked in excess of 40 per week at the required overtime premium rate.

53. Furthermore, Defendants failed to include non-discretionary bonuses in the regular rate when determining the applicable overtime premium rate for Technicians' hours worked in excess of 40 per week as required by the FLSA.

**COUNT ONE: WILLFUL FAILURE TO COMPENSATE PLAINTIFFS AT THE REQUIRED OVERTIME PREMIUM RATE**

54. Defendants paid Technicians an hourly wage and certain non-discretionary bonuses based on a percentage of sales made.

55. However, Defendants failed to pay Technicians for all hours worked in excess of 40 per week at 1.5 times the regular rate.

56. The FLSA's overtime requirements apply to Defendants.

57. Technicians are non-exempt employees under the FLSA.

58. Because Defendants did not pay Technicians for hours worked in excess of 40 per week at 1.5 times their regular rate, Defendants violated the FLSA.

59. Defendants' violation of the FLSA was willful.

60. Pursuant to the FLSA, Defendants are liable to Plaintiffs for all unpaid overtime hours, liquidated damages, attorney's fees and costs.

**DEMAND FOR JUDGMENT**

Plaintiffs request judgment against Defendants, and ask for relief as follows:

a. That this Court enter declaratory judgement against Defendants that they violated the FLSA;

b. That this Court enter judgement against Defendants that their violations were willful;

c. That Plaintiffs receive judgment against Defendants for all unpaid wages;

d. That Plaintiffs receive judgment for liquidated damages in an amount equal to the amount of all unpaid wages;

e. That Plaintiffs receive an award of reasonable costs and attorney's fees; and

f. That Plaintiffs receive such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Respectfully submitted:   May 5, 2015.

|  |  |
|---|---|
|  | s/Dustin Crawford |
| MAYS & KERR LLC | Dustin Crawford |
| 235 Peachtree Street NE | Georgia Bar No. 758916 |
| North Tower \| Suite 202 | John L. Mays |
| Atlanta, Georgia 30303 | Georgia Bar No. 986574 |
| Telephone: (404) 410-7998 |  |
| Facsimile: (404) 855-4066 |  |
| dustin@maysandkerr.com |  |
| john@maysandkerr.com | Counsel for Plaintiffs |